MARY BRIGHTMAN v. JOHN DAVIES.

Argued October term, 1924—Decided January 27, 1925.

**Slander—Charge of Unchastity—Charge Made in Husband's Presence and Presumption is That He Heard It—Allegation Charge Did Not Constitute an Indictable Offense Because of the Statute of Limitations Unsound.**

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellee, *Thomas P. Fay.*

For the defendant-appellant, *William L. Edwards.*

PER CURIAM.

This appeal lies from a judgment for $250, rendered in an action for slander, in the District Court of Monmouth. The slander was spoken to the plaintiff, in her husband's presence, while in the defendant's hotel, which the plaintiff had entered in order to induce her husband to return home. The alleged slanderous words were as follows: "Get out of here. I have looked you up, and in your younger days, and during your young life, you were no good, and I can prove it."

It is first contended that there was no publication, it not being proved that the husband heard the slander. The evidence showed that the slander was uttered in the husband's presence, from which the judge, sitting as a jury, could reasonably infer that the husband heard it.

It is next contended that the words were not slanderous *per se*, because they did not charge an indictable offense, as the qualifying words, "in your younger days, and in your young life," made it impossible to find an indictment under the statute of limitations. The legal rule is otherwise, viz.: "The fact that the prosecution for the crime charged is barred by the statute of limitations does not destroy the actionable quality of the words." 36 *Corp. Jur.* 1196, § 106, and cases.

The next contention is that the omission to prove damage was fatal error. "The law presumes damage when the words are actionable *per se* * * * and the rule applies as well when the words become actionable *per se*, when taken in connection with surrounding facts and circumstances, as when they were actionable *per se*, without any inducement." 25 *Cyc.* 491, and cases.

The next objection is that it was error to admit evidence showing that defendant had been selling whiskey to plaintiff's husband, and that plaintiff had requested defendant to discontinue such sales. To this it must suffice to say that in ascertaining the meaning of the words constituting an alleged charge of unchastity, it is proper to consider the facts and circumstances under which they were spoken, and, in the light of this rule, it is held to be admissible to show the attitude of defendant's mind towards the plaintiff, in considering whether or not the slander was, in fact, uttered, and the circumstances under which it was uttered. 17 *R. C. L.* 284, and cases; 36 *C. J.* 1135, and cases.

Therefore, the sense in which the words were uttered and understood is for the jury, who may properly find that the words are slanderous *per se*, as imputing a want of chastity in the plaintiff. 17 *R. C. L.* 425, and cases.

The judgment will be affirmed.